| | | |
|---|---|---|
| Vernice L. James, | ) | CIVIL ACTION NO. 3:16-2041-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et. seq. See Court Docket No. 18 (Plaintiff's Answers to Court's Special Interrogatories stating that she is pursuing an FTCA claim). Plaintiff alleges in her Complaint that her supervisor "systematically engaged in a calculated practice of libelous and slanderous statements" against her, and requests monetary damages for the libel and slander which allegedly resulted in her "not being selected for positions with the Agency". See Complaint, Court Docket No. 1, p. 6-7.

The Defendant has filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., asserting therein a lack of subject matter jurisdiction for Plaintiff's claim. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 27, 2017, advising

---

[1]By Order filed March 6, 2017, the United States of America was substituted as the party Defendant in this case for Walter Herin, Jr. See Order (Court Docket No. 35). See also Court Docket No. 31 [Motion to substitute party].



Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case. Plaintiff thereafter filed a memorandum in opposition to the the Defendant's motion, with attached exhibits, on April 4, 2017.

The Defendant's motion is now before the Court for disposition.[2]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2) (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



<u>Services</u>, 901 F.2d 387 (4th Cir. 1990). After careful review and consideration of the Defendant's motion pursuant to this standard, the undersigned concludes for the reasons set forth hereinbelow that the Defendant is entitled to dismissal of this case.

As noted by the Defendant in its motion, Plaintiff seeks damages for defamation, alleging that she has been defamed and wrongfully subjected to the torts of libel and slander during the course of her work as an employee of the Social Security Administration. Defendant argues that Plaintiff's claim is subject to dismissal because the United States, as a sovereign, may not be sued in tort except for where it has waived its sovereign immunity and consented to suit, and that the FTCA has only waived the United States' sovereign immunity from suit in tort for the *negligent* acts of federal employees. <u>See</u> <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976) [Relief against the United States requires a waiver of sovereign immunity]; <u>Wilder v. Byars</u>, No. 12-1743, 2013 WL 3155619 at * 6, n. 5 (D.S.C. June 2, 2013) [FTCA only waives the United States' sovereign immunity from suit for the negligent acts of its employees]. Since libel and slander are *intentional* torts, Defendant argues that Plaintiff's claim does not fall under the FTCA, and therefore must be dismissed. The undersigned is constrained to agreed.

Pursuant to 28 U.S.C. § 2680(h), the waiver of immunity contained in the FTCA expressly *does not* apply to any claim arising out of libel or slander. As correctly noted by the Defendant, federal courts, including the Fourth Circuit, have consistently held that the libel and slander exception of § 2680(h) bars personnel related defamation suits by federal employees. <u>See</u> <u>Talbert v. United States</u>, 932 F.2d 1064, 1067 (4th Cir. 1991) [Dismissing on jurisdictional grounds defamation claim asserted under the FTCA as being barred under § 2680(h)]; <u>see</u> <u>also</u> <u>Myrick v. United States</u>, 559 F.Appx. 245, 246 (4th Cir. 2014) [United States does not waive sovereign



3

immunity for claims of defamation]; <u>Nguyen v. United States</u>, 980 F.2d 727 (4th Cir. 1992); <u>Khatami v. Compton</u>, 844 F.Supp. 2d 654, 664 (S.D.Md. 2012) ["The FTCA provides that the United States' limited waiver of sovereign immunity for torts that federal employees commit within the scope of their employment does not apply to [a]ny claim arising out of . . . libel [or] slander"] (internal quotations omitted); <u>Galustian v. Peter</u>, 802 F.Supp.2d 700, 706 (E.D.Va. 2011) ["This court agrees with the United States that <u>Talbert</u> establishes that [a] claim for the communication of allegedly defamatory information is not cognizable under the FTCA"] (internal quotations omitted); <u>Venable v. Blank</u>, No. 12-2406, 2012 WL 5416458, at * 1 (D.Md. Nov. 2, 2012) ["The United States has not waived its sovereign immunity under the FTCA for defamation claims"].

Instead, Plaintiff's right to relief falls under the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 7121, <u>et seq</u>. The CSRA comprehensively overhauled the civil service system to create a framework for evaluating adverse personnel actions against federal employees, and the "Supreme Court has read the CSRA's extensive statutory framework to preclude judicial review of adverse personnel decisions except where explicitly provided for in this CSRA". <u>Dawson v. Shinseki</u>, No. 11-700, 2012 WL 5928770, at * 3 (D.S.C. Oct. 16, 2012), <u>adopted by</u> 2012 WL 5928965. With respect to Plaintiff's claim for defamation (libel and slander), as Plaintiff's allegations demonstrate that her tort claim arises from her federal employment relationship and is directly tied to an adverse employment decision, she must seek redress through the CSRA. Further, under the CSRA, "judicial review is provided only for actions that are appealable to the Merit Systems Protection Board [MSPB] and which result in a final order or decision, [following which] review may be sought exclusively in the Federal Circuit Court of Appeals, not a District Court". <u>Id.</u>; <u>see also</u> 5 U.S.C. § 7701, 7703; <u>Hall v. Clinton</u>, 235 F.3d 202 (4th Cir. 2000); <u>Gordon v. Gutierrez</u>,



No. 06-861, 2006 WL 3760134, at * 2 (E.D.Va. Dec. 14, 2006) [Finding that Plaintiff may not pursue suit for, <u>inter</u> <u>alia</u>, libel and slander under the FTCA, and that the CSRA provides the exclusive remedy for this employment related tort claim].

In her response to the Defendant's motion, Plaintiff has provided no probative argument for why her claim for libel and slander should be allowed to proceed in this Court. Indeed, Plaintiff concedes that the originally named Defendant, Walter Herin, was "acting within the scope of his employment at the time of the incident giving rise to this suit". <u>See</u> Plaintiff's Brief, p. 3; <u>see also</u> <u>Khatami</u>, 844 F.Supp. 2d at 664 ["The FTCA provides that the United States' limited waiver of sovereign immunity for torts that federal employees commit *within the scope of their employment* does not apply to [a]ny claim arising out of . . . libel [or] slander"] (emphasis added). Therefore, the Defendant is entitled to dismissal of this case.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be dismissed with prejudice.

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

April 12, 2017
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

